UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:18cv128 |
| V. | ) | |
| | ) | |
| SUSAN L. SCHUHLER | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Comes now Plaintiff United States of America, by counsel, for and on

behalf of its agency, U.S. Department of Agriculture (USDA), and for its

cause of action alleges the following:

## JURISDICTION

1.     This Court has jurisdiction pursuant to 28 U.S.C. Section 1345

and venue is proper.

## COUNT ONE
### (Default on Promissory Note)

2.   On or about November 25, 1974, Daryl D. Dove and Geneva E. Dove

executed and delivered to plaintiff a promissory note in the amount of

$25,000.00.   A copy of said note is attached hereto as "Exhibit 1."

3.      On or about September 5, 1986, Susan L. Schuhler executed an Assumption Agreement pursuant to which she assumed the obligation under the foregoing promissory note in the amount of $21,000.00.   A copy of said assumption agreement is attached hereto, as "Exhibit 2".

4.      On or about September 5, 1986, Susan L. Schuhler executed and delivered to plaintiff an additional promissory note ("Note") in the amount of $10,955.00.   A copy of said note is attached hereto as "Exhibit 3".

5.      To secure payment of said assumption agreement and September 5, 1986 Note, on September 5, 1986, Susan L. Schuhler executed and delivered to plaintiff a purchase money security agreement in the form of a real estate mortgage on the following described real estate in DeKalb County, to wit:

> Lot Four (4) in Brownwoode Subdivision of West one-half (1/2) of the Southwest Quarter (1/4) of Section 22, Township 34 North, Range 14 East, Wilmington Township, DeKalb County, Indiana.

> Commonly known as: 3947 County Road 59, Butler, IN 46721

The mortgage was recorded in the Office of the Recorder of DeKalb County, Indiana, on September 5, 1986, as Record 220, Page 484, a copy of which is attached hereto as "Exhibit 4."

6.      As part of this transaction, Susan L Schuhler executed a Subsidy Repayment Agreement ("Subsisdy Agreement"), a copy which is attached as "Exhibit 5". By this agreement the United States agreed to defer a portion of the

accruing interest so long as there was no default, but in the event of a default,

the deferred interest becomes due as an additional *in rem* charge. There is due

under the Subsidy Agreement the sum of $17,741.91.

7.      Plaintiff is the holder of the assumption agreement, Note,

mortgage, and Subsidy Agreement.

8.      Defendant Susan L Schuhler, is in default in repayment of the

obligations due to Plaintiff under the terms of the Assumption Agreement,

Note, and Subsidy Agreement.

9.      The Plaintiff accelerated the indebtedness and made demand for

payment in full, and no payment has been received.   All conditions precedent

to the assertion of this cause of action against Defendant, Susan L Schuhler,

have been satisfied and/or have occurred.

10.      The Defendant Susan L. Schuhler owes Plaintiff, pursuant to the

Assumption Agreement, Note, Subsidy Agreement, and mortgage, the sum of

$42,707.99 consisting of $36,932.94 in principal and $5,775.05 in accrued

interest as of February 27, 2018, with interest thereafter at the rate of

$8.7716 per day to the date of judgment, plus interest credit under the

Subsidy Agreement in the sum of $17,741.91.   In addition, the government

may incur additional costs and expenses associated with the preservation and

sale of the real property, which may become due and owing under the terms

of the note and mortgage.

## COUNT TWO
### (Foreclosure)

11.     Plaintiff restates and incorporates by reference allegations 1 through 10 as though fully stated herein.

12.     The mortgage of Plaintiff is prior and paramount to the interest of all other parties to this action.

WHEREFORE, Plaintiff respectfully prays that the Court:

A. Enter judgment *in rem* in the amount of $60,449.90 together with interest accruing after February 27, 2018, to the date of judgment at the rate of $8.7716 per day, plus any such further costs and expenses as may be incurred to the date of sale of the property against the mortgaged real estate and *in personam* against Defendant, Susan L. Schuhler in the amount of $42,707.99 (the *in rem* judgment minus the interest credit or subsidy recapture in the amount of $17,741.91), and all other costs herein;

B. Enter an order declaring Plaintiff's mortgage to be prior and paramount to the interests of all other parties and determining the amount and priorities of the interests of all parties to the real estate; and an order foreclosing the equity of redemption of defendants in

the real estate;

C.  Enter an order directing the sale of the property by the U.S. Marshall and application of the proceeds first to the costs of sale, second to payment of the judgment of Plaintiff, with any then-remaining proceeds paid to the Clerk of the Court to be disposed of as the Court shall direct;

D.  Issue a Writ of Assistance upon proper Praecipe if the purchaser of the real estate be denied possession; and

E.  Award such other and further relief as is just and proper in the premises.

Respectfully submitted,

THOMAS L. KIRSCH II
UNITED STATES ATTORNEY


By:  /s/ *Deborah M. Leonard*
Deborah M. Leonard
Assistant United States Attorney
E. Ross Adair Federal Bldg.,
U.S. Courthouse
1300 South Harrison Street, Room 3128
Fort Wayne, IN 46802-3489
Telephone: (260) 422-2595
Facsimile: (260) 426-1616
E-mail deborah.leonard@usdoj.gov

5

Form FHA 440-16
(Rev. 11-13-73)

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

**KIND OF LOAN**

☐ FO   ☒ RH   ☐ NONFARM
                    504

☐ FO-NFE   ☐ RRH

☐ SW(Ind.)   ☐ LH

☐ RL   ☐ SURPLUS SALE

STATE **INDIANA**

COUNTY **DEKALB**

CASE NO.

**FINANCE OFFICE USE ONLY**

| F | LN | LC | IA |
|---|----|----|----|

PROMISSORY NOTE

Date **NOVEMBER    25** , 19 **74**

FOR VALUE RECEIVED, the undersigned (whether one or more persons, herein called "Borrower") jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, (herein called the "Government") at its office

in **AUBURN, INDIANA 46706** ,

THE PRINCIPAL SUM OF **TWENTY FIVE THOUSAND AND NO/100 - - - - - - - - - - - - - - - -**

DOLLARS ($ **25,000.00** ), plus INTEREST on the UNPAID PRINCIPAL of

**NINE** PERCENT ( **9** %) PER ANNUM. The said PRINCIPAL and

INTEREST shall be PAYABLE in the FOLLOWING **396** INSTALLMENTS on or before the
*(No. of Installments)*
FOLLOWING DATES:

$ **198.00** on **DECEMBER    25** , 19 **74** , and

$ **198.00** thereafter on the **25** of each **MONTH** ,
until the PRINCIPAL and INTEREST are fully paid except that the FINAL INSTALLMENT of the entire

indebtedness evidenced hereby, if not sooner paid, shall be due and PAYABLE **THIRTY THREE**

( **33** ) YEARS from the DATE of this NOTE. The consideration herefor shall support any agreement modifying the foregoing schedule of payments.

Every payment made on any indebtedness evidenced by this note shall be applied first to interest computed to the effective date of the payment and then to principal.

Prepayments of scheduled installments, or any portion thereof, may be made at any time at the option of Borrower. Refunds and extra payments, as defined in the regulations (7 C.F.R. 1861.2) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, be applied to the installments last to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled herein.

Borrower agrees that the Government at any time may assign this note and insure the payment thereof, and in such case, though the note is not held by the Government, Borrower shall continue to pay to the Government, as collection agent for the holder, all installments of principal and interest as scheduled herein.

If this note is held by an insured lender, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on either a calendar quarter basis or an annual installment due date basis. The effective date of any prepayment retained and remitted by the Government to the holder on an annual installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between the effective date of any such prepayment and the date of the Treasury check to the holder.

Borrower hereby certifies that he is unable to obtain sufficient credit elsewhere to finance his actual needs at reasonable rates and terms, taking into consideration prevailing private and cooperative rates and terms in or near his community for loans for similar purposes and periods of time, and that the loan evidenced hereby shall be used solely for purposes authorized by the Government.

*Position 2*                                    FHA 440-16 (Rev. 11-13-73)

**EXHIBIT 1**

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced hereby shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower (a) will personally operate such property as a farm with his own and his family's labor if this is an FO loan, or (b) will personally occupy and use such property if this is an RH loan on a "nonfarm tract" or a section 504 RH loan.

REFINANCING AGREEMENT. If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. This paragraph and the preceding paragraph shall not apply to any comaker signing this note pursuant to Section 502 of the Housing Act of 1949 to compensate for deficient repayment ability of other undersigned person(s).

DEFAULT: Failure to pay when due any debt evidenced hereby or perform any covenant or agreement hereunder shall constitute default under any other instrument evidencing a debt of Borrower owing to or insured by the Government or securing or otherwise relating to such a debt; and default under any such other instrument shall constitute default hereunder. UPON ANY SUCH DEFAULT, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farmers Home Administration Act of 1961 if the box opposite "FO", "FO-NFE", "RL", or "SW(Ind.)", is checked under the heading "KIND OF LOAN" or pursuant to Title V of the Housing Act of 1949 if the box opposite "RH", "RRH", or "LH", is checked. This note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions hereof.

Presentment, protest, and notice are hereby waived.
Post Office Address of Borrower

|     |   |   |   |   |   |   |   |   |   |   |   |   |   |   |   |
|-----|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| (1) | R | R | # | 1 |   |   |   |   |   |   |   |   |   |   |   |
| (2) | B | u | t | l | e | r |   | I | n |   |   |   |   |   |   |
| (3) |   |   |   |   |   |   |   |   |   |   |   |   |   |   |   |
| (4) |   |   |   |   |   |   | Zip Code | 4 | 6 | 7 | 2 | 1 |   |   |   |

*Daryl D. Dove* (SEAL)
Daryl D. Dove          (BORROWER)

*Geneva E. Dove* (SEAL)
Geneva E. Dove          (SPOUSE)

Pay to the order of _____

UNITED STATES OF AMERICA
FARMERS HOME ADMINISTRATION

By: _____

_____
(Title)

☆ U. S. GOVERNMENT PRINTING OFFICE: 1974—762-756

**EXHIBIT 1**

Form FmHA 1965-15
(Rev. 9-84)

U.S. Department of Agriculture
Farmers Home Administration

☒ Sec. 502      ☐ Sec. 504
Terms:   ☒☐ Eligible
         ☐ Ineligible

## ASSUMPTION AGREEMENT
### Single-Family Housing Loan(s)

This Agreement dated __September 5,_____ , 1_86___, is between the United States of America, acting through the
Farmers Home Administration (herein called the Government), and ____Susan L. Schuhler_____

(herein called Borrower), whose mailing address is _3947 CR 59, Butler, Indiana, 46721_____.

The Government is the holder of debt instrument(s) secured by the following described security instrument(s) executed by
__Daryl & Geneva Dove_____
Case Number _15-17-317525129___eal property described therein which is located in ____DeKalb_____ County,
State of ____Indiana, 46706_____ :

| Type Instrument | Date Executed | Office Where Recorded | Book/Volume/ Document Number | Page Number |
|---|---|---|---|---|
| R E Mort | 01-25-74 | DeKalb Co. | 176 | 323 |
| | | | | |
| | | | | |

In consideration of the assumption of indebtedness as herein provided and the Government's consent to this assumption and related conveyance of the security property, if applicable, it is agreed as follows:

1. Borrower hereby assumes liability for and agrees to pay to the order of the Government at the office of the Farmers Home Administration shown below (or other location as may later be specified) the principal sum of__Twenty-One Thousand and no/100_____ dollars
($____21,000.00_____) plus interest at the rate of _____
Nine & One Half_____ percent ( _9.5000____ %) per annum, payable in installments as follows:

$ __175.00____ on __October 5,_____, 19_86__, and

$ __175.00____ thereafter on the __5th_____ of each ___month_____
until the principal and interest are fully paid, except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable __Thirty-Three_____ ( _2019_ ) years from the date of this Agreement.

2. Payments of principal and interest shall be applied in accordance with Farmers Home Administration's accounting procedures in effect on the date of receipt of the payment. Borrower agrees to pay late charges in accordance with Farmers Home Administration regulations in effect when a late charge is assessed.

3. The provisions of the debt instrument(s) hereby assumed shall, except as modified herein, remain in full force and effect, and Borrower hereby assumes the obligations of and agrees to comply with all covenants, agreements, and conditions contained in said instrument(s), as modified herein, as though Borrower had executed them as of the date thereof as principal obligor(s).

4. Provisions of the debt and security instrument(s) which require that the borrower occupy the FmHA-financed dwelling or graduate to another credit source do not apply to assumption on ineligible terms.

5. This Agreement is subject to present regulations of the Farmers Home Administration and to its future regulations which are not inconsistent with the express provisions hereof.

FARMERS HOME ADMINISTRATION

UNITED STATES OF AMERICA

By _____
        Mark E. Henry
        County Supervisor

_Susan L. Schuhler_
Borrower   Susan L. Schuhler

_____
Borrower

FARMERS HOME ADMINISTRATION *(Title)*
FmHA County Office Address: __942 W. 15th Street, P. O. Box 527, Auburn, Indiana, 46706__

COPY 2 · COUNTY OFFICE CASE FILE

*Position 2*

## EXHIBIT 2

Form FmHA 440-16
(Rev. 11-10-75)

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

| KIND OF LOAN | | |
|---|---|---|
| Type: __RH__ | **PROMISSORY NOTE** | **STATE**  Indiana |
| Pursuant to: | | **COUNTY**  DeKalb |
| ☐ Consolidated Farm and Rural Development Act. | | **CASE NO.** |
| ☒ Title V of the Housing Act of 1949. | | |

Date _____ September 5, _____ , 19 86 .

**FOR VALUE RECEIVED**, the undersigned (whether one or more persons, herein called "Borrower") jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration,

United States Department of Agriculture, (herein called the "Government") at its office in _____

_____ Auburn, Indiana, 46706 _____ ,

THE PRINCIPAL SUM OF ___ Ten Thousand Nine Hundred Fifty-Five and no/100 _____

DOLLARS ($ ___ 10,955.00 _____ ), plus **INTEREST** on the **UNPAID PRINCIPAL** of

Nine & One Half _____ PERCENT ( __ 9.5000 %) PER ANNUM.

Payment of the said Principal and Interest shall be as agreed between the Borrower and the Government using one of four alternatives as indicated below: (check one)

☐ I.    Principal and Interest payments shall be deferred. The first installment shall be all accrued interest and shall be due

on _____ , 19 ___ . Payment of Principal and later accrued Interest shall be in _____ installments as indicated in the box below;

☐ II.    Principal and Interest payments shall be deferred. The interest accrued to _____ , 19 ____

shall be added to the Principal. Such new Principal and later accrued Interest shall be payable in _____ regular amortized installments on the dates indicated in the box below. Borrower authorizes the Government to enter the amount of

such new Principal herein $_____ and the amount of such regular installments in the box below, when such amounts have been determined.

☐ III.    Payment of Interest shall not be deferred. Installments of accrued Interest shall be payable on the _____

of each _____ beginning on _____ , 19 ___ , through _____ , 19 ___ ,

Principal and later accrued Interest shall be paid in _____ installments as indicated in the box below;

☒ IV.    Payments shall not be deferred. Principal and Interest shall be paid in _____ 396 _____ installments as indicated in the box below:

| | | |
|---|---|---|
| $ __ $ 91.00 _____ on __ October 5, _____ , 19 86 , and | | |
| $ _____ $91.00 _____ thereafter on the _____ 5th _____ of each __ month ____ | | |

until the **PRINCIPAL** and **INTEREST** are fully paid except that the **FINAL INSTALLMENT** of the entire indebtedness

evidenced hereby, if not sooner paid, shall be due and **PAYABLE** _____ Thirty-Three ( __ 33 _____ ) **YEARS** from the **DATE** of this **NOTE**. The consideration herefor shall support any agreement modifying the foregoing schedule of payments.

**EXHIBIT 3**

FmHA 440-16 (Rev. 11-10-75)

If the total amount of the loan is not advanced at the time of loan closing, the loan shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval of the Government is mandatory provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown on the reverse hereof. Borrower authorizes the Government to enter the amount and date of such advance in the Record of Advances.

Every payment made on any indebtedness evidenced by this note shall be applied first to interest computed to the effective date of the payment and then to principal.

Prepayments of scheduled installments, or any portion thereof, may be made at any time at the option of Borrower. Refunds and extra payments, as defined in the regulations (7 CFR §1951.8) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, be applied to the installments last to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled herein.

Borrower agrees that the Government at any time may assign this note and insure the payment thereof, and in such case, though the note is not held by the Government, Borrower shall continue to pay to the Government, as collection agent for the holder, all installments of principal and interest as scheduled herein.

If this note is held by an insured lender, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on either a calendar quarter basis or an annual installment due date basis. The effective date of any prepayment retained and remitted to the holder on an annual installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between the effective date of any such prepayment and the date of the Treasury check to the holder.

Borrower hereby certifies that he is unable to obtain sufficient credit elsewhere to finance his actual needs at reasonable rates and terms, taking into consideration prevailing private and cooperative rates and terms in or near his community for loans for similar purposes and periods of time, and that the loan evidenced hereby shall be used solely for purposes authorized by the Government.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced hereby shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower (a) will personally operate such property as a farm with his own and his family's labor if this is an FO loan, or (b) will personally occupy and use such property if this is an RH loan on a "nonfarm tract" or a section 504 RH loan.

REFINANCING AGREEMENT: If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. This paragraph and the preceding paragraph shall not apply to any comaker signing this note pursuant to Section 502 of the Housing Act of 1949 to compensate for deficient repayment ability of other undersigned person(s).

DEFAULT: Failure to pay when due any debt evidenced hereby or perform any covenant or agreement hereunder shall constitute default under any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such a debt; and default under any such other instrument shall constitute default hereunder. UPON ANY SUCH DEFAULT, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act or Title V of the Housing Act of 1949 and for the type of loan as is indicated in the "KIND OF LOAN" block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions hereof.

**EXHIBIT 3**



Presentment, protest, and notice are hereby waived.

_Susan L. Schuhler_ (SEAL)
Susan L. Schuhler *(BORROWER)*

_____ (SEAL)
*(SPOUSE)*

3947 CR 59

Butler, Indiana, 46721

| RECORD OF ADVANCES | | | | | |
|---|---|---|---|---|---|
| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
| (1) $ 91.00 | 09-05-86 | (8) $ | | (15) $ | |
| (2) $ | | (9) $ | | (16) $ | |
| (3) $ | | (10) $ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | TOTAL | $ | |

*Position 2*
**EXHIBIT 3**

FmHA 440-16 (Rev. 11-10-75)

USDA-FmHA
Form FmHA 427-1 IN
(Rev. 6-86)

*Position*

RECEIVED FOR RECORD    7341

3-12- *M and recorded*

Page 484

REAL ESTATE MORTGAGE FOR INDIANA

SEP 5 1986

*Mary Cowman*

Recorder of DeKalb Co.

THIS MORTGAGE is made and entered into by _____

SUSAN L. SCHUHLER

residing in ___DeKalb_____ County, Indiana, whose post office

address is ___3947 CR 59, Butler_____ , Indiana ___46721___ ,

herein called "Borrower" and the United States of America, acting through the Farmers Home Administration, United States
Department of Agriculture, herein called the "Government":

WHEREAS Borrower is indebted to the Government as evidenced by one or more promissory note(s) or assumption
agreement(s), herein called "note," which has been executed by Borrower, is payable to the order of the Government, au-
thorizes acceleration of the entire indebtedness at the option of the Government upon any default by Borrower, and is
described as follows:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| November 25, 1974 | $25,000.00 | 9% | November 25, 2007 |

This note assumed under a September 5, 1986, Assumption Agreement in
the amount of $21,000.00, annual rate of interest 9.5%, final due
date September 5, 2019.

| | | | |
|---|---|---|---|
| September 5, 1986 | $10,955.00 | 9.5% | September 5, 2019 |

(The interest rate for limited resource farm ownership or limited resource operating loan(s) secured by this instrument
may be increased as provided in the Farmers Home Administration regulations and the note.)

And the note evidences a loan to Borrower, and the Government, at any time, may assign the note and insure the
payment thereof pursuant to the Consolidated Farm and Rural Development Act, or Title V of the Housing Act of 1949, or
any other statute administered by the Farmers Home Administration.

And it is the purpose and intent of this instrument that, among other things, at all times when the note is held by the
Government, or in the event the Government should assign this instrument without insurance of the note, this instrument
shall secure payment of the note; but when the note is held by an insured holder, this instrument shall not secure payment of
the note or attach to the debt evidenced thereby, but as to the note and such debt shall constitute an indemnity mortgage to
secure the Government against loss under its insurance contract by reason of any default by Borrower;

And this instrument also secures the recapture of any interest credit or subsidy which may be granted to the Borrower
by the Government pursuant to 42 U.S.C. §1490a:

NOW, THEREFORE, in consideration of the loan(s) and (a) at all times when the note is held by the Government, or in
the event the Government should assign this instrument without insurance of the payment of the note, to secure prompt
payment of the note and any renewals and extensions thereof and any agreements contained therein, including any provision
for the payment of an insurance or other charge, (b) at all times when the note is held by an insured holder, to secure per-
formance of Borrower's agreement herein to indemnify and save harmless the Government against loss under its insurance
contract by reason of any default by Borrower, and (c) in any event at all times to secure the prompt payment of all
advances and expenditures made by the Government, with interest, as hereinafter described, and the performance of every
covenant and agreement of Borrower contained herein or in any supplementary agreement, Borrower does hereby mortgage,

assign and warrant unto the Government the following property situated in the State of Indiana, County(ies) of _____

___DeKalb_____

Lot Four (4) in Brownwoode Subdivision of West one-half (1/2)
of the Southwest Quarter (1/4) of Section 22, Township 34 North,
Range 14 East, Wilmington Township, DeKalb County, Indiana.

FmHA 427-1 IN (Rev. 6-86)

**EXHIBIT 4**

together with all rights, interests, easements, hereditaments and appurtenances thereunto belonging, the rents, issues, and profits thereof and revenues and income therefrom, all improvements and personal property now or later attached thereto or reasonably necessary to the use thereof, including, but not limited to, ranges, refrigerators, clothes washers, clothes dryers, or carpeting purchased or financed in whole or in part with loan funds, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, conveyance, or condemnation of any part thereof or interest therein-all of which are herein called "the property";

TO HAVE AND TO HOLD the property unto the Government and its assigns forever in fee simple.

BORROWER for Borrower's self, Borrower's heirs, executors, administrators, successors and assigns WARRANTS THE TITLE to the property to the Government against all lawful claims and demands whatsoever except any liens, encumbrances, easements, reservations, or conveyances specified hereinabove, and COVENANTS AND AGREES as follows:

(1) To pay promptly when due any indebtedness to the Government hereby secured and to indemnify and save harmless the Government against any loss under its insurance of payment of the note by reason of any default by Borrower. At all times when the note is held by an insured holder, Borrower shall continue to make payments on the note to the Government, as collection agent for the holder.

(2) To pay to the Government such fees and other charges as may now or hereafter be required by regulations of the Farmers Home Administration.

(3) If required by the Government, to make additional monthly payments of 1/12 of the estimated annual taxes, assessments, insurance premiums and other charges upon the mortgaged premises.

(4) Whether or not the note is insured by the Government, the Government may at any time pay any other amounts including advances for payment of prior and/or junior liens, required herein to be paid by Borrower and not paid by Borrower when due, as well as any costs and expenses for the preservation, protection, or enforcement of this lien, as advances for Borrower's account. All such advances shall bear interest at the rate borne by the note which has the highest interest rate.

(5) All advances by the Government, including advances for payment of prior or junior liens, in addition to any advances required by the terms of the note, as described by this instrument, with interest shall be immediately due and payable by Borrower to the Government without demand at the place designated in the latest note and shall be secured hereby. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any indebtedness to the Government secured hereby, in any order the Government determines.

(6) To use the loan evidenced by the note solely for purposes authorized by the Government.

(7) To pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property, including all charges and assessments in connection with water, water rights, and water stock pertaining to or reasonably necessary to the use of the real property described above, and promptly deliver to the Government without demand receipts evidencing such payments.

(8) To keep the property insured as required by and under insurance policies approved by the Government and, at its request to deliver such policies to the Government.

**EXHIBIT 4**

(9)   To maintain improvements in good repair and make repairs required by the Government; operate the property in a good and husbandmanlike manner; comply with such farm conservation practices and farm and home management plans as the Government from time to time may prescribe; and not to abandon the property, or cause or permit waste, lessening or impairment of the security covered hereby, or, without the written consent of the Government, cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals except as may be necessary for ordinary domestic purposes.

(10)   To comply with all laws, ordinances, and regulations affecting the property.

(11)   To pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and priority hereof and to the enforcement of or the compliance with the provisions hereof and of the note and any supplementary agreement (whether before or after default), including but not limited to costs of evidence of title to and survey of the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property.

(12)   Except as otherwise provided in the Farmers Home Administration regulations, neither the property nor any portion thereof or interest therein shall be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. The Government shall have the sole and exclusive rights as mortgagee hereunder, including but not limited to the power to grant consents, partial releases, subordinations, and satisfaction, and no insured holder shall have any right, title or interest in or to the lien or any benefits hereof.

(13)   At all reasonable times the Government and its agents may inspect the property to ascertain whether the covenants and agreements contained herein or in any supplementary agreement are being performed.

(14)   The Government may (a) extend or defer the maturity of, and renew and reschedule the payments on, the debt evidenced by the note or any indebtedness to the Government secured by this instrument, (b) release any party who is liable under the note or for the debt from liability to the Government, (c) release portions of the property and subordinate its lien, and (d) waive any other of its rights under this instrument. Any and all this can and will be done without affecting the lien or the priority of this instrument or Borrower's or any other party's liability to the Government for payment of the note or debt secured by this instrument unless the Government says otherwise in writing. HOWEVER, any forbearance by the Government—whether once or often—in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

(15)   If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a production credit association, a Federal land bank, or other responsible cooperative or private credit source, at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such loan in sufficient amount to pay the note and any indebtedness secured hereby and to pay for any stock necessary to be purchased in a cooperative lending agency in connection with such loan.

(16)   Default hereunder shall constitute default under any other real estate, or under any personal property or other security instrument held or insured by the Government and executed or assumed by Borrower, and default under any such other security instrument shall constitute default hereunder.

(17)   SHOULD DEFAULT occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the parties named as Borrower die or be declared incompetent, or should any one of the parties named as Borrower be discharged in bankruptcy or declared an insolvent or make an assignment for the benefit of creditors, the Government, at its option, with or without notice may: (a) declare the entire amount unpaid under the note and any indebtedness to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument as provided herein or by law, and (e) enforce any and all other rights and remedies provided herein or by present or future law.

(18)   The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with the provisions hereof, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all indebtedness to the Government secured hereby, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other indebtedness of Borrower owing to or insured by the Government, and (f) any balance to Borrower. At foreclosure or other sale of all or any part of the property, the Government and its agents may bid and purchase as a stranger and may pay the Government's share of the purchase price by crediting such amount on any debts of Borrower owing to or insured by the Government, in the order prescribed above.

(19)   Borrower agrees that the Government will not be bound by any present or future State laws prescribing any statute of limitations or limiting the conditions which the Government may by regulation impose, including the interest rate it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws. Borrower hereby waives, to the fullest extent Borrower may lawfully do so under State law, the benefit of all State laws (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of an action for a deficiency judgment or limiting the amount thereof or the time within which such action may be brought, or (c) allowing any right of redemption or possession following any foreclosure sale. Borrower also hereby relinquishes, waives and conveys all rights, inchoate or consummate, of descent, dower, curtesy, and homestead.

(20)   If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex or national origin, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex or national origin.

**EXHIBIT 4**

(21) This instrument shall be subject to the present regulations of the Farmers Home Administration, and to its future regulations not inconsistent with the express provisions hereof.

(22) Notices given hereunder shall be sent by certified mail unless otherwise required by law, addressed, unless and until some other address is designated in a notice so given, in the case of the Government to Farmers Home Administration, United States Department of Agriculture, at Indianapolis, Indiana 46224, and in the case of Borrower to Borrower at the address shown in the Farmers Home Administration Finance Office records (which normally will be the same as the post office address shown above).

(23) If any provision of this instrument or application thereof to any person or circumstances is held invalid, such invalidity will not affect other provisions or applications of the instrument which can be given effect without the invalid provision or application, and to that end the provisions hereof are declared to be severable.

IN WITNESS WHEREOF, Borrower has hereunto set Borrower's hand(s) and seal(s) this ___5th___ day

of ___September___, 19 86.

_Susan L. Schuhler_ (SEAL)
*     Susan L. Schuhler

_____ (SEAL)
*

STATE OF INDIANA   }
                 }ss:
COUNTY OF ___DEKALB___}

Before me, ___Jeffrey L. Turner___, a Notary Public, this ___5th___

day of ___September___, 19 86, ___Susan L. Schuhler___

and ========================================================= acknowledged the execution of the annexed mortgage.

_Jeffrey L. Turner_
* Jeffrey L. Turner           Notary Public.
  Resident of DeKalb County

(SEAL)

My commission expires ___6/15/88.___

The form of this instrument was prepared by the Office of the General Counsel of the United States Department of Agriculture, and the material in the blank spaces in the form was inserted by or under the direction of

___Jeffrey L. Turner, VAN HORNE & TURNER, Attorneys At Law,___

___112 S. Cedar, P. O. Box 523, Auburn, IN 46706.___

_____
* Names of mortgagors and Notary must be printed, typed, or stamped just beneath their signatures.

*U.S. GPO: 1986 641 561

**EXHIBIT 4**

FmHA Instruction 1951-I
Exhibit A

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

Subsidy Repayment Agreement

Date of Note 09-05-86   Amount of Note 10,955   Date of Mortgage 09-05-86
ASSUMPTION
Date of Note 09-05-86   Amount of Note 21,000   Date of Mortgage 09-05-86

Type of Assistance:                          1. Interest Credit [X]
                                             2. Homeownership Assistance
                                                Program [  ]

Address of Property:   3947 CR 59

                       Butler, Indiana, 46721

        BORROWER:        Susan L. Schuhler

        CO-BORROWER:

1    This agreement entered into pursuant to 7 CFR 1951-I, between the United
States of America, acting through the Farmers Home Administration (FmHA)
(herein called "the Government") pursuant to section 521 of Title V of the
Housing Act of 1949 and the borrower(s) whose name(s) and address(es) appears
above (herein sometimes referred to as "borrower"), supplements the note(s)
from borrower to the Government as described above, and any promissory
note(s) for loans made to borrower in the future by the Government.
Such future notes, when executed, will be listed below the signature line
of this Subsidy Repayment Agreement.

2    I (we) agree to the conditions set forth in this agreement for the
repayment of the subsidy granted me (us) in the form of interest credits
or Homeownership Assistance Program (HOAP) subsidy (hereinafter called
"subsidy").

3    I (we) agree that the real property described in the mortgage(s)
listed above is pledged as security for repayment of the subsidy received
or to be received.  I (we) agree that the subsidy is due and payable upon
the transfer of title or non-occupancy of the property by me (us).  I
(we) understand that the real estate securing the loan(s) is the only
security for the subsidy received.  I (we) further understand that I (we)
will not be required to repay any of the subsidy from other than the value
(as determined by the Government) of the real estate, mortgaged by myself
(ourselves) in order to obtain a Section 502 Rural Housing (RH) loan.

(9-27-79)  SPECIAL PN

**EXHIBIT 5**

FmHA Instruction 1951-I
Exhibit A
Page 2

4   I (we) understand that so long as I (we) continue to own the property
and occupy the dwelling as my (our) residence, I (we) may repay the principal
and interest owed on the loan and defer repaying the subsidy amount until
title to the property is conveyed or the dwelling is no longer occupied by
me (us).  If such a request is made, the amount of subsidy to be repaid
will be determined when the principal and interest balance is paid.  The
mortgage securing the FmHA RH loan(s) will not be released of record until
the total amount owed the Government has been repaid.

5   I (we) agree that Paragraph 6 of this agreement is null and
void should the property described in the mortgage(s) be voluntarily
conveyed to the Government or liquidated by foreclosure.

6   When the debt is satisfied by other than voluntary conveyance of the
property to the Government or by foreclosure, I (we) agree that sale
proceeds will be divided between the Government and me (us) in the
following order:

   (a)  Unpaid balance of loans secured by a prior mortgage as well as
   real estate taxes and assessments levied against the property which
   are due will be paid.

   (b)  Unpaid principal and interest owed on FmHA RH loans for the
   property and advances made by FmHA which were not subsidy and are
   still due and payable will be paid to the Government.

   (c)  I (we) will receive from the sale proceeds actual expenses
   incurred by me (us) necessary to sell the property.  These may include
   sales commissions or advertising cost, appraisal fees, legal and
   related costs such as deed preparation and transfer taxes.  Expenses
   incurred by me (us) in preparing the property for sale are not allowed
   unless authorized by the Government prior to incurring such expenses.
   Such expenses will be authorized only when FmHA determines such expenses
   are necessary to sell the property, or will likely result in a return
   greater than the expense being incurred.

   (d)  I (we) will receive the amount of principal paid off on the
   loan calculated at the promissory note interest rate.

   (e)  Any principal reduction attributed to subsidized interest
   calculations will be paid to the Government.

   (f)  I (we) will receive my original equity which is the difference
   between the market value of the security, as determined by the
   FmHA appraisal at the time the first loan subject to recapture of
   subsidy was made, and the amount of the FmHA loan(s) and any
   prior lien.  This amount is ___1,000___ and represents
   ___3___ percent of the market value of the security.  (The

**EXHIBIT 5**

FmHA Instruction 1951-I
Exhibit A
Page 3

percent is determined by dividing my (our) original equity by
the market value of the security when the loan was closed.) The
dollar amounts and percent will be entered at the time this agreement
is signed by me (us) and will be part of this agreement.

(g)  The remaining balance, after the payments described in (a) thru (f)
above have been paid is called value appreciation.  The amount of
value appreciation to be paid to the Government, in repayment or
the subsidy granted, is the lesser of (1) the full amount of the subsidy
or (2) an amount determined by multiplying the value appreciation by the
appropriate factor in the following table.

Average interest rate paid by me (us)

| No. of Months the Loan was Outstanding | 1% or Less | 1.1 to 2% | 2.1 to 3% | 3.1 to 4% | 4.1 to 5% | 5.1 to 6% | 6.1 to 7% | 7.1 or greater |
|---|---|---|---|---|---|---|---|---|
| 0 to 59    | .78 | .68 | .60 | .51 | .44 | .32 | .22 | .11 |
| 60 to 119  | .75 | .66 | .58 | .49 | .42 | .31 | .21 | .11 |
| 120 to 179 | .73 | .63 | .56 | .48 | .40 | .30 | .20 | .10 |
| 180 to 239 | .65 | .56 | .49 | .42 | .36 | .26 | .18 | .09 |
| 240 to 299 | .59 | .51 | .46 | .38 | .33 | .24 | .17 | .09 |
| 300 to 359 | .53 | .45 | .40 | .34 | .29 | .21 | .14 | .09 |
| 360 to 396 | .47 | .40 | .36 | .31 | .26 | .19 | .13 | .09 |

(h)  I (we) will receive the amount of value appreciation less the
amount paid the Government as determined in (g) above.  I (we) will
also receive an additional amount in proportion to my original equity
by reducing the amount of value appreciation due to the Government by
the percent of my (our) original equity as shown in (f) above.

(i)  If I (we) am the recipient of HOAP, the amount of value appreciation
to be recaptured will be calculated as if I (we) had paid 1 percent
interest on the loan, unless the average interest rate paid by me (us)
was greater than 1 percent.  In such cases it will be determined based
on the average interest rate paid by me (us).

(j)  If this agreement is for a subsequent loan(s) only, the amount
of repayment determined in (g) above will be reduced by the following
percent: _____.  This percent will be determined by dividing the
amount of the loan (s) subject to recapture by the total outstanding
RH debt.  This percentage will be entered at the time I (we) sign this
agreement.

(k)  If this agreement is for more than one loan that is subject to
recapture, the subsidy repayment computations will be based on the total
subsidy granted on all loans.

**EXHIBIT 5**

FmHA Instruction 1951-I
Exhibit A
Page 4

7 . When a FmHA RH loan is repaid by other than foreclosure, voluntary
conveyance, or sale of property, the amount of subsidy to be repaid the
Government will be determined in the same manner as described in paragraph
6 of this Exhibit but based on the appraised value determined by FmHA
instead of sales price. In such cases, the subsidy due the Government
will remain a lien on the property until paid. It must be paid upon non
occupancy, sale, or transfer of title to the property.

8    I (we) have read and agree to the provisions of this agreement.


*Susan L. Schuhler*, Borrower
_____
      Susan L. Schuhler

_____ Co-Borrower

   September 5, 1986
_____
     Date Signed


Accepted and Agreed to

By _____ (FmHA Official)
          Mark E. Henry
      County Supervisor    (Title)

      09-8-86
_____
          Date


                    o0o


**EXHIBIT 5**

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Indiana

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| *Plaintiff* | ) |
| | ) |
| v. | ) |
| | ) |
| SUSAN L. SCHUHLER | ) |
| *Defendant* | ) |

Civil Action No.    1:18cv128

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

> SUSAN L. SCHUHLER
> 13020 W. WASHINGTON CENTER RD
> FORT WAYNE, IN 46818

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

> Deborah M. Leonard
> Assistant United States Attorney
> United States Attorney's Office-NDIN
> E. Ross Adair Federal Bldg., U.S. Courthouse
> 1300 South Harrison Street, Room 3128
> Fort Wayne, IN 46802-3489

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.    1:18cv128

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒  I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒  I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒  I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒  I returned the summons unexecuted because _____ ; or

❒  Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

UNITED STATES OF AMERICA

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Deborah M. Leonard, Assistant United States Attorney
USAO - 1300 South Harrison Street, Room 3128
Fort Wayne, IN 46802; Tel: (260) 422-2595

## DEFENDANTS

SUSAN L. SCHUHLER

County of Residence of First Listed Defendant    DeKalb
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☒ 1  U.S. Government Plaintiff

☐ 2  U.S. Government Defendant

☐ 3  Federal Question (U.S. Government Not a Party)

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☒ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
28 USC § 1345fc
Brief description of cause:
Federal Foreclosure

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE
05/04/2018

SIGNATURE OF ATTORNEY OF RECORD
s/Deborah M. Leonard

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____